H:\ljg\231003088\Federal Removal Documents\2. Notice of Removal.docx
10/29/15 -- LJG/PAT/ct

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| **ELMA MARTINEZ AS ATTORNEY** | § | |
| **IN FACT FOR ELVA HINOJOSA** | § | |
| | § | |
| **v.** | § | **CASE NUMBER: 5:15-262** |
| | § | **JURY** |
| **ALLSTATE FIRE AND CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **ROBERT BULLERDICK** | § | |

### DEFENDANTS ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S AND ROBERT BULLERDICK'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a)

PLEASE TAKE NOTICE that Defendants, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND ROBERT BULLERDICK, hereby file this Notice of Removal to remove to this Court the state court action described below:

### BACKGROUND

1.      Plaintiff is ELMA MARTINEZ AS ATTORNEY IN FACT FOR ELVA HINOJOSA, a citizen of Texas residing in Webb County, Texas.[1]

2.      Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, has citizenship in Illinois.   Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY is therefore a non-Texas entity organized and existing under the laws of the State of Illinois.

3.      Defendant, ROBERT BULLERDICK, is a citizen of North Carolina residing at 1807 Moss Creek Drive, Harrisburg, North Carolina 28075.

4.      On or about September 29, 2015, the state action was filed in the 341st Judicial District Court, Webb County, Texas under Cause No. 2015CVF003168 D3; *ELMA MARTINEZ AS*

---

[1] See Plaintiff's Original Petition, Page 2, "Parties" section, attached as Exhibit A.

*ATTORNEY IN FACT FOR ELVA HINOJOSA v. ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND ROBERT BULLERDICK.*[2]  Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, herein after "Defendants," files this Notice of Removal within thirty days of Defendants' receipt of Plaintiff's initial pleading, Plaintiff's Original Petition, as required by 28 U.S.C. § 1446 (b).   Defendant ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY was served with process through its registered agent on October 12, 2015.[3]

5.     Plaintiff's Original Petition affirmatively asserts that she is seeking damages between $200,000.00 and $1,000,000.00. Therefore, Plaintiff is clearly seeking damages in excess of $75,000 as required for this Court to have jurisdiction.

6.     Defendants have attached the required state court documents pursuant to 28 U.S.C. § 1446 (a).[4]

7.     As for venue, venue is proper in this District, the Southern District of Texas, Laredo Division, under 28 U.S.C. § 1441 (a) and 28 U.S.C. § 1446 (a) because this District and Division embrace the place where the removed action has been pending.

8.     Defendants will promptly file a copy of this Notice of Removal with the Clerk of the state court where the action has been pending.  Plaintiff and Defendants each made a demand for trial by jury in the state court action.

## BASIS FOR REMOVAL

9.     The Federal Court's basic diversity jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States."[5]  As set forth, this Court has original jurisdiction

---

[2] See Plaintiff's Original Petition, attached as Exhibit A.
[3] See Allstate's Service of Process Transmittal, attached as Exhibit B.
[4] State Court Documents, attached as Exhibit C.
[5] 28 U.S.C. § 1332(a)(1); *see e.g., Darden v. Ford Consumer Fin. Co.,* 200 F.3d 753, 755 (11th Cir. 2000).

over this civil action pursuant 28 U.S.C. § 1332 and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(a) because:

    a.    it is a civil action between a citizen of a State (Texas) and a corporate citizen of a different State (Illinois and North Carolina); and

    b.    it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.[6]

## A.    Diversity of Citizenship

10.    A civil case filed in state court may be removed by the defendant to Federal Court if the case could have been brought originally in Federal Court.[7] Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.[8] Defendant was informed and believes that Plaintiff was at the time of filing this lawsuit, and still is, a citizen of the State of Texas. Defendant, ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, is a foreign entity to Texas and has citizenship in Illinois. Defendant, ROBERT BULLERDICK, is a citizen of North Carolina. Therefore, there is complete diversity of citizenship between Plaintiff and Defendants.

## B.    Amount in Controversy

11.    Removal is proper when there is complete diversity of citizenship between the true parties to the lawsuit and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive of costs and interest.[9]

12.    In *De Aguilar v. Boeing Co.*,[10] the United States Fifth Circuit Court of Appeals

---

[6] See Plaintiff's Original Petition, attached as Exhibit A.
[7] 28 U.S.C. § 1332(a).
[8] 28 U.S.C. § 1332; *see e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir.1996) (abrogated on other ground by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000) (overruling *Tapscott* on the issue of calculating the amount in controversy in class action suits).
[9] 28 U.S.C. § 1332(a).
[10] 47 F.3d 1404 (5th Cir.1995).

held that when a defendant removes such a case, the defendant then has the burden to prove that the amount in controversy exceeds the jurisdictional amount.[11] The *De Aguilar* Court went on to hold that to remand to state court, the plaintiff must establish as a matter of law that, if successful, it would not be able to recover more than the jurisdictional amount.[12]

13.    In determining whether the amount in controversy exceeds $75,000, courts must consider the full litany of damages that a plaintiff is seeking, including statutory and punitive damages.[13] Specifically, the court must consider penalties, statutory damages, and punitive damages in calculating the amount in controversy.[14]

14.    As applied here, Defendants can meet their burden to prove that the amount in controversy in this case exceeds the federal jurisdictional requirement of $75,000 based on the language of Plaintiff's Original Petition.[15] As discussed above, Plaintiff's petition states that she seeks monetary relief between $200,000 and $1,000,000.[16] Therefore, the evidence is sufficient for Defendants to meet their burden to prove the amount in controversy removal requirement of $75,000.

CONCLUSION

15.    Based on diversity of citizenship and satisfaction of the amount in controversy requirement, removal to Federal Court is proper.[17] Plaintiff is a citizen of the State of Texas. Defendants are not citizens of the State of Texas, nor incorporated or associated under the laws of Texas. Diversity of citizenship is clear from the pleadings and evidence.

---

[11] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir.1995).
[12] *Id.*
[13] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–55 (5th Cir. 1998).
[14] *Id.*
[15] See Plaintiff's Original Petition, attached as Exhibit A.
[16] See Plaintiff's Original Petition, attached as Exhibit A.
[17] 28 U.S.C. § 1332(a); *Darden*, 200 F.3d at 755.

WHEREFORE PREMISES CONSIDERED, based on the Petition, evidence and the diverse citizenships of the proper parties, this Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a).

Respectfully submitted,

GOLDMAN & ASSOCIATES, PLLC
Airport Center
10100 Reunion Place, Suite 800
San Antonio, Texas 78216
Telephone:    (210) 340-9800
Facsimile:    (210) 340-9888
Email: larry@ljglaw.com
Email: paige@ljglaw.com

BY: _____
LARRY J. GOLDMAN
"Attorney in Charge"
Federal Bar No. 341
State Bar No. 08093450
PAIGE A. THOMAS
Federal Bar No. 2679062
State Bar No. 24082568

ATTORNEYS FOR DEFENDANTS,
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY AND
ROBERT BULLERDICK

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure on this 4th day of November, 2015.

*Via Certified Mail, Return Receipt Requested*
*7014 3490 0000 4620 1937*
Ms. René M. Sigman
THE MOSTYN LAW FIRM
3810 W. Alabama Street
Houston, Texas 77027

LARRY J. GOLDMAN
PAIGE A. THOMAS

# <u>V E R I F I C A T I O N</u>

STATE OF TEXAS                              §
                                            §
COUNTY OF BEXAR                             §

     BEFORE ME, the undersigned Notary Public, on this day personally appeared LARRY J. GOLDMAN, who being by me duly sworn upon his oath, deposed and stated that he is the attorney of record for ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY AND ROBERT BULLERDICK, Defendants in the above-entitled and numbered cause; that he has read the above NOTICE OF REMOVAL, and that the allegations contained therein are within his personal knowledge and are true and correct.

                                                           LARRY J. GOLDMAN, Affiant

     SUBSCRIBED AND SWORN TO BEFORE ME, on this the 4th day of November, 2015, to certify which witness my hand and official seal.

                                         NOTARY PUBLIC
                                         IN AND FOR THE STATE OF TEXAS

CATHY TOMSETT
Notary Public, State of Texas
My Commission Expires
October 21, 2017