United States District Court
Southern District of Texas
**ENTERED**
September 01, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| ELMA MARTINEZ, | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 5:15-CV-262 |
| | § | |
| ALLSTATE FIRE & CASUALTY | § | |
| INSURANCE COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM

Before the Court is the Parties' Joint Stipulation of Dismissal Of Claims Against Allstate Fire And Casualty Insurance Company and Robert Bullerdick. (Dkt. No. 21). Parties in a civil suit may generally dismiss the suit without a court order upon the filing of a notice of dismissal "signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii). This general rule is subject to limitations in class action suits, shareholder derivative suits, suits where the court has appointed a receiver, and suits where a defendant has filed a counterclaim. *See* FED. R. CIV. P. 41(a)–(c).

The Court finds that this is not a class action suit or shareholder derivative suit, the Court has not appointed a receiver, and Defendants have not filed a counterclaim. Thus, because the Parties' Motion is signed by all parties who have appeared in this case, all of Plaintiff's claims were dismissed with prejudice "effective upon [the] filing" of the Joint Stipulation of Dismissal. *See SmallBizPros,*

*Inc. v. MacDonald*, 618 F.3d 458, 463 (5th Cir. 2010) ("Because filing a voluntary stipulation of dismissal . . . is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action.").

The Clerk of Court is hereby directed to **CLOSE** this case.

**SIGNED** September 1, 2016.

Marina Garcia Marmolejo
United States District Judge